UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:08-CR-66 |
| V. | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| JASON JENKINS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM AND ORDER

The defendant appeared before the Court on December 5, 2008, for an initial appearance and bond revocation hearing on a Petition for Action on Conditions of Pretrial Release [Doc. 42]. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Attorney Norman D. McKellar represented the defendant.

On May 12, 2008, the defendant was released on personal recognizance with an Order Setting Conditions of Release [Doc. 9]. The conditions of the defendant's release included that he refrain from the use of any narcotic drugs or controlled substances, submit to drug testing, and participate in a program of inpatient or outpatient substance abuse therapy and counseling as directed by the United States Probation Office. On December 2, 2008, a Petition for Action on Conditions of Pretrial Release was filed by the defendant's probation officer, stating that the defendant tested positive in random drug screens for oxycontin and benzodiazepines on September 24, 2008, and for oxycontin and marijuana on October 31, 2008, and November 18, 2008. The defendant admitted using controlled substances on all three of these occasions. The Petition also

1

notes that the defendant tested positive for marijuana at his initial drug screen on May 12, 2008, at which time he admitted using marijuana on May 1, 2008.

On December 5, 2008, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the defendant had violated the terms of the Order Setting Conditions of Release and, if such violation had occurred, whether sanctions were appropriate. At the hearing, the defendant admitted committing the violations alleged in the Petition. Defense counsel proposed that the defendant remain on release under the supervision of his mother and aunt until January 7, 2008, at which time he was scheduled to begin a twenty-one-day inpatient substance abuse treatment program at CenterPointe Adult Services. Defense counsel noted that the defendant would be entering a change of plea in this case and stated that the change of plea hearing could be scheduled to coinside with his release from CenterPointe. The defendant addressed the Court, stating that if he were allowed to remain on release until he was to report to CenterPointe, he could attend Narcotics Anonymous meetings daily and would investigate possible treatment for depression at Cherokee Health Systems. He asked to be allowed to spend the holidays on release with his family. The government agreed that the defendant should obtain treatment at CenterPointe but argued that he be placed in custody until a bed became available because the defendant would not refrain from using drugs while on release. In this regard, AUSA Plowell noted that the defendant had admitted using marijuana and oxycontin two days before the hearing, even knowing that he was coming to court.

Based on the defendant's admissions and on the evidence before the Court, the Court finds by clear and convincing evidence that the defendant has violated the terms of the Order Setting Conditions of Release. See 18 U.S.C. § 3148(b)(1)(B). The Court further finds that there is no

<s>2</s>

condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community and that the defendant is unlikely to abide by any condition or combination of conditions of release.  See 18 U.S.C. § 3148(b)(2). Accordingly, the defendant is **ORDERED** remanded to the custody of the United States Marshal until **January 7, 2009**, at which time he will again be released pursuant to the Order Setting Conditions of Release [Doc. 9].  The Order Setting Conditions of Release [**Doc. 9**] is hereby **MODIFIED** to include the following conditions: (1) That the defendant will report to CenterPointe on January 7, 2009; (2) that the defendant will complete the CenterPointe inpatient program and abide by all of their rules during the program, and (3) that the defendant will report to his probation officer immediately upon his release from CenterPointe.  Assuming the defendant complies with the conditions as modified, he will be permitted to remain on bond pursuant to the Order Setting Conditions of Release [Doc. 9] until his change of plea hearing or his trial on **February 23, 2009, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge.

    **IT IS SO ORDERED.**

                                          ENTER:

                                              s/ C. Clifford Shirley, Jr.
                                              United States Magistrate Judge